UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:17 CR 70 CDP |
| DOMINIQUE DARDEN, | ) ) | |
| Defendant. | ) ) | |

## **MEMORANDUM AND ORDER**

Defendant Dominique Darden appeals the Order detaining him in custody pending trial. Darden is charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On February 24, 2017 Magistrate Judge Patricia A. Cohen ordered Darden detained following a detention hearing, and Darden now appeals that order.

I have considered all matters relevant to the issue of detention, including listening to the recording of the hearing before Judge Cohen, reviewing the pretrial services report and reviewing all relevant filings by the parties. I have also considered the conduct of Darden in his statements to the Court at the hearing held on June 1, 2017, and at earlier hearings before Judge Cohen. I conclude that detention is appropriate, and so I will not reverse the Magistrate Judge's ruling.

Defendant argues that the Magistrate Judge placed too much reliance on the charges against him and on the weight of the evidence, and argues that this improperly represents a pretrial determination of guilt.  He points out that Darden has only two prior convictions:  (1) in 2007 at age 19 he was convicted of felony possession of a controlled substance and two misdemeanor charges; and (2) in 2009 at age 21 he was convicted of three felonies:  second degree drug trafficking, possession of a controlled substance, and unlawful use of a weapon.   He argues that although he incurred violations while he was under state probation, his probation was never actually revoked and he eventually successfully completed his state probation in 2014.

In its response to the appeal, the United States argues that defendant is a danger to the community.  According to the United States and the police report, when police approached Darden to investigate suspicious activity, he ran from them and, while running, threw a loaded firearm into a dumpster.[1]  The government states that the circumstances of his most recent felony conviction also involved an attempt to flee from police when he was in possession of a firearm.  Additionally, although he ultimately successfully completed his last period of state probation, that probation was extended by several years because defendant did not

---

[1] Defendant does not agree with this version of the events.

comply with the conditions of his release, and he has been a daily user of controlled substance up until his arrest in this case.

Defendant has filed a large number of *pro se* filings, including claims that his lawyer, the Court, and various law enforcement agencies are involved in a conspiracy to obstruct justice. Judge Cohen held a very lengthy hearing in an attempt to address the concerns raised by Darden in these *pro se* filings, but he continues to insist that he is somehow the victim of a vast conspiracy to deprive him of his rights. Most recently, he filed a *pro se* complaint against the "United States of America" in which he makes numerous allegations against Judge Cohen, his defense attorneys, the prosecutor, and the law enforcement officers. Case No. 4:17CV1383 HEA. At the hearing held before me on June 1, Darden continued to argue that his arrest constituted "genocide," and that he was the victim of a conspiracy. When I attempted to explain the rules of evidence and criminal procedure to him, and to explain, among numerous other examples, that at that at trial he would not be allowed to argue that his arrest constituted genocide, he indicated that he was not likely to follow those rules.

I conclude that defendant would not follow the rules that would be placed on him if he were released on bond. Although he appears to be mentally competent, as he understands these proceedings and what is expected at trial and says he will cooperate with his new lawyer, I do not believe that he will cooperate with Pretrial

3

Services or that he would comply with conditions placed on him to assure the safety of the community and his appearance at court as required.

I will deny the appeal and will order that defendant remain detained as previously ordered by the Magistrate Judge. I conclude that the Magistrate Judge correctly considered all of the relevant factors under 18 U.S.C. § 3142, and I agree that there are no conditions or combination of conditions of release that would reasonably assure defendant's appearance and the safety of the community if he were released.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Dominique Darden's Appeal of Magistrate Judge's Detention Order is denied, and the Magistrate Judge's Detention Order is affirmed.

                                                   CATHERINE D. PERRY
                                                   UNITED STATES DISTRICT JUDGE

Dated this 2nd day of June, 2017.